**PAROL EVIDENCE IN INTERPRETATION OF A CONTRACT.**

Circuit Court of Cuyahoga County.

THE BAKER MOTOR VEHICLE CO. v. ALBERT H. PRICE AND
WALTER D. PRICE.

Decided, December 23, 1912.

*Parol Evidence—When Conversation Preceding the Making of a Written Contract Admissible.*

Where words in a written contract are susceptible of more than one meaning and are open to more than one reasonable construction, depending upon the sense in which they were used by the parties, parol evidence of conversations preceding the making of the contract, which neither alter nor add to the written contract, but merely enable the court to ascertain the subject-matter referred to therein, are admissible in evidence.

*H. H. & M. B. Johnson,* for plaintiff in error.
*Kline, Tolles & Morley,* contra.

MEALS, J.; WINCH, J., and MARVIN, J., concur. ·

Albert H. Price and Walter D. Price, partners trading in the firm name and style of Price Brothers, on or about the 22d day of May, 1905, entered into a contract with the Baker Motor Vehicle Company, as its agents for the sale of its products in the city of Cleveland. The contract provided that it should continue in force and operation for the period of five years from its date, unless dissolved as stipulated therein.

· The contract provided several methods of terminating its operation, one of which gave either party the right to terminate it upon giving four months' notice, in writing, to the other party. The contract further provided that "in the event of this contract being severed by any of the clauses named therein, the Baker Motor Vehicle Company is to purchase the *new stock* of machines and parts on hand at invoice prices, and such machinery as they may have purchased specially for the conduct of this business, at a fair valuation."

Price Brothers, in the exercise of their right under the contract, terminated it by giving four months' notice, in writing, to the Baker Company, and the Baker Company thereby became obligated to purchase the new stock of machines and parts on hand at invoice prices, and such machinery as they had purchased specially for the conduct of the business, at its fair valuation.

The principal question, therefore, involved in this controversy relates to the meaning of the phrase, "new stock of machines." Price Brothers claim that the phrase was intended to include all unused machines of the Baker Company manufacture which they had on hand, without regard to how long the same had been on hand. On the other hand, the Baker Company contends that the phrase "new stock" referred only to machines of the current year which the plaintiff had on hand when the contract was terminated. No dispute was raised as to the correctness of the amount of the claim of the plaintiff in the court below, the only question being their right to recover for new machines which

they had on hand other than those of the current year, or the year in which the contract was terminated.

At the trial of the case evidence was admitted of conversations had prior to the making of the contract, which tended to show the sense in which the parties intended to use the phrase "new stock." It is contended by the Baker Company that this evidence was incompetent and should have been excluded. This leads us to a brief consideration of what is known as the parol evidence rule.

Evidence, of course, may not be received to vary, modify or contradict the terms of a written contract. This evidence, however, was not offered for that purpose, but rather to show the meaning which the parties themselves attached to the phrase "new stock" for the purpose of arriving at the intention of the parties at the time of making the contract.

The rule has frequently been laid down in the adjudicated cases that no evidence of the language employed by the parties in making the contract can be given in evidence, except that which is furnished by the writing itself. It is obvious, however, that in numerous cases much greater latitude has been given to the introduction of parol evidence that is implied in this statement. All the authorities recognize the general rule, of course, that the written contract must govern, and that proof of the acts, situation and statements of the parties can have no other effect than to ascertain the meaning of the parties as expressed in the writing. Where the language of the writing is clear and unambiguous there is no room for construction and the language of the instrument will control; but where the language of the writing reasonably admits of more than one construction, the rule is otherwise. In such case parol evidence may be offered to show the sense in which the language was used by the parties themselves, in order that the true intention of the parties may be ascertained and not to vary, modify or contradict the terms of the contract, but rather to give force and effect to it.

Mr. Jones, in his work on Evidence, Section 456, says:

"The real difficulty arises in determining in each case whether the language of the instrument is ambiguous, as shown either by the context or by the circumstances attending the making of the same. If no such ambiguity exists, evidence can not be received

to show the secret intention of the parties, or that other than the natural and primary meaning of the language used was intended.''

The first question, therefore, to be determined is whether the language of the contract, on a construction of which this case depends, is ambiguous or reasonably open to more than one construction. Ordinarily the meaning of the words ''new stock,'' in a contract like the one before us, would be plain. It is only by reason of the circumstances attending the making of the contract that any uncertainty arises in this instance. It is claimed by the Baker Company on the one hand that the term ''new stock'' had a definite trade meaning, which confined the words to the stock or model of the current year. On the other hand, Price Brothers sought to offer evidence of conversations had between the parties at or about the time of the making of the contract, tending to show that the parties intended the words to include all new machines of the Baker Company manufacture, which they had on hand at the time of the termination of the contract.

In this situation the words ''new stock'' are clearly susceptible of more than one meaning, and are open to more than one reasonable construction, depending upon the sense in which they are used by the parties.

The object, therefore, in admitting the evidence complained of, to use the language of the Supreme Court of this state in another case, was not to vary, but to develop the meaning of the contract, by ascertaining the sense in which the words were intended to be used.

In *Quarry Co.* v. *Clements*, 38 O. S., 591, the court approvingly quotes Lord Campbell as follows:

''There can not be the slightest objection to the admission of evidence of previous conversations, which neither alters nor adds to the written contract, but merely enables us to ascertain what was the subject-matter referred to therein.''

In the case which Lord Campbell had under consideration the subject-matter was shown by extrinsic evidence to be uncer-

tain, and oral evidence was admitted to fix and ascertain the meaning of the term "your wool."

So, the subject-matter of the case which we now have under consideration, as shown by the circumstances of the transaction, is uncertain, and because of this uncertainty its meaning is in dispute. It must therefore follow that parol evidence was admissible at the trial to show in what sense the words "new stock" were used in the written contract. This does not tend to vary the terms of the writing. "It simply enables the court to ascertain what its terms mean and to construe and enforce it as the parties intended."

In our opinion no error was committed in admitting evidence of this character.

There being no error in the admission of evidence to show the sense in which the parties used the term under consideration, there, of course, was no error in submitting the question to the jury.

The judgment of the court below is therefore affirmed.